McGREGOR W. SCOTT
United States Attorney
BENJAMIN E. HALL (SBN 219924)
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ONLY QUINN, | 1:07-cv-00041-AWI-SMS |
| Plaintiff, | **SETTLEMENT STIPULATION;** |
| v. | **RELEASES; DISMISSAL; ORDER** |
| UNITED STATES DEPARTMENT OF THE NAVY, | |
| Defendant. | |
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, | |
| Plaintiff-in-Intervention, | |
| v. | |
| UNITED STATES DEPARTMENT OF THE NAVY, | |
| Defendants-in-Intervention | |

IT IS HEREBY STIPULATED by and among plaintiff, Only Quinn ("Plaintiff"); Plaintiff-in-Intervention, American Casualty Company of Reading, Pennsylvania ("Intervenor"); and defendant,

1
SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER

the United States of America ("United States") (collectively, the "parties"), and their undersigned attorneys, as follows:

      1.   The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

      2.   The United States agrees to pay the sum of Three Hundred Fifty Thousand Dollars ($350,000.00) to Plaintiff and the sum of One Hundred Thousand Dollars ($100,000.00) to Intervenor as reimbursement of workers' compensation benefits paid to and on behalf of Plaintiff, which sums shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequence thereof, resulting, and to result, from the subject matter of this action, including any claims for wrongful death, which Plaintiff, Intervenor or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States, its agents, servants, and employees.

      3.   Plaintiff, Intervenor, and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sum set forth in paragraph 2 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death,

arising from, and by reason of, any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to this action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages.  Plaintiff and his guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States and its agents, servants and employees from and against any and all causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims arising from the subject matter of this action.

        4.   Plaintiff's and Intervenor's undersigned attorneys represent that they have explained, and Plaintiff and Intervenor warrant and represent that they intend, that this Stipulation shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing [this] Release, which if known by him or her must have materially affected his settlement with the debtor.

5. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States or its agents, servants, or employees, and it is specifically denied that they are liable to Plaintiff or Intervenor.  This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

6. The parties agree that they will each bear their own costs, fees, and expenses; that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future bills and liens will be the sole responsibility of Plaintiff.  Pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

7. Payment of the settlement amounts will be made by check payable as follows: (to Plaintiff) to Only Quinn and his attorney, Edward B. Chatoian; and (to Intervenor) to American Casualty Company of Reading, Pennsylvania.

8. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this agreement.

9. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation.

1    10.  Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.  All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.  This Stipulation may be signed in one or more counterparts, each of which shall be deemed to be an original and all of which together shall constitute one and the same instrument.

    11.  Each person executing this Stipulation represents that he or she has read and understands its contents; that he or she executes this Stipulation voluntarily; that he or she has not been influenced by any person acting on behalf of any party.

    12.  The above-captioned action is hereby DISMISSED WITH PREJUDICE in its entirety and, upon approval by the Court as provided below, the Clerk of the Court is requested to enter this dismissal and release in the official docket.

    13.  Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that this Court shall retain jurisdiction to enforce the terms of this settlement.

                                              (as authorized 5/29/08)
Dated: 5-29-08     , 2008.        /s/ Only Quinn
                                  ONLY QUINN
                                  Plaintiff

5
SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER

```
                                    LAW OFFICES OF EDWARD B.
                                    CHATOIAN
                                    (as authorized 5/29/08)

Dated:    5/29      , 2008. By:   /s/ Edward B. Chatoian
                                  EDWARD B. CHATOIAN
                                  Attorney for Plaintiff, Only
                                  Quinn


                                    AMERICAN CASUALTY COMPANY OF
                                    READING, PENNSYLVANIA

                                    (as authorized 5/28/08)

Dated:    5/28      , 2008. By:   /s/ Cynthia Bell Kittle
                            Its:  Attorney
                                  SMITH & SUSSON, LLP

                                    (as authorized 5/28/08)

Dated:    5/28    , 2008.   By:   /s/ Cynthia Bell Kittle
                                  CYNTHIA BELL KITTLE
                                  Attorneys for Plaintiff-in-
                                  Intervention, American
                                  Casualty Company of Reading,
                                  Pennsylvania

                                  McGREGOR W. SCOTT
                                  United States Attorney


Dated:    June 2    , 2008. By:   /s/ Benjamin E. Hall
                                  BENJAMIN E. HALL
                                  Assistant U.S. Attorney
                                  Attorney for the United States
```

**ORDER**

IT IS SO ORDERED.

**Dated:   June 6, 2008**              /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE